Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EL PUEBLO DE PUERTO RICO<br><br>Parte Apelada<br><br>v.<br><br>STYVENS RODRÍGUEZ RIVERA<br><br>Parte Apelante | KLAN202400806 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Sobre:<br>Art. 94 del C.P. (segundo grado)<br>Art. 5.04 L.A.<br>Art. 5.15 L.A.<br>Art. 249 C del C.P.<br><br>Caso núm.:<br>A VI2023G0019<br>A VLA2023G0122<br>A LA2023G0123<br>A OP2023G0011 |

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, el Juez Ronda del Toro y el Juez Robles Adorno[1]

Robles Adorno, Juez Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 26 de mayo de 2026.

El 3 de septiembre de 2024, el señor Styvens Rodríguez Rivera (el señor Rodríguez Rivera o el apelante) presentó ante nos una *Apelación* en la que solicitó que, revoquemos el *Dictamen de Sentencia* emitido el 1 de agosto de 2024 por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (TPI o foro primario).[2]

En el aludido dictamen, el TPI encontró culpable al señor Rodríguez Rivera por infringir el Art. 93 (a) (segundo grado) del *Código Penal de Puerto Rico* (Código Penal), 33 LPRA sec. 5142, el Art. 249 del Código Penal, *supra* sec. 5339, el anterior Art. 5.04 de la derogada *Ley de Armas de Puerto Rico*, Ley Núm. 404-2000, según

---

[1] Véase OATA-2025-170 del 3 de septiembre de 2025 en la que se designa al Juez Robles Adorno en sustitución del Juez Pérez Ocasio.
[2] Véase Autos Originales, *Dictamen de Sentencia*.

enmendada, 25 LPRA sec. 458c y el anterior Art. 5.15 de la Ley Núm. 404-2000, *supra* sec. 458n.

Por los fundamentos que expondremos a continuación, desestimamos el recurso ante nos.

## I.

Surge del expediente ante nos que, el 12 de julio de 2019, el Pueblo de Puerto Rico (el Ministerio Público o la parte recurrida) presentó varias denuncias en las que alegó que, el apelante infringió el Art. 93 (a) del Código Penal, *supra* sec. 5142, el Art. 249 del Código Penal, *supra* sec. 5339, el anterior Art. 5.04 de la Ley Núm. 404-2000, *supra* sec. 458c y el anterior Art. 5.15 de la Ley Núm. 404-2000, *supra* sec. 458n.[3]

Así las cosas, el 5 de julio de 2023, el TPI celebró una vista preliminar en la que encontró causa para juicio por los delitos previamente citados.[4]

Tras diversos trámites procesales, el juicio en su fondo fue celebrado los siguientes días: 26 de febrero de 2024, 27 de febrero de 2024, 4 de marzo de 2024, 6 de marzo de 2024, 3 de abril de 2024, 8 de mayo de 2024 y el 6 de junio de 2024. Durante el juicio en su fondo, el Ministerio Público presentó los siguientes testigos: Agte. David L. Ferrer Crespo, el Agte. Juan R. Acevedo Rosado, Agte. Sonia Torres, el señor Manuel Mercado y el Sargento Pedro Cruz.[5]

Así, el 6 de junio de 2024, el foro primario dictó un fallo en el que encontró culpable al apelante por infringir los siguientes delitos: el Art. 93 (a) del Código Penal, *supra* sec. 5142, el Art. 249 del Código Penal, *supra* sec. 5339, el anterior Art. 5.04 de la Ley Núm. 404-2000, *supra* sec. 458c y el anterior Art. 5.15 de la Ley Núm. 404-2000, *supra* sec. 458n.[6]

---

[3] Véase Autos Originales, *Denuncias*.
[4] Véase Autos Originales, *Resolución vista preliminar*.
[5] Véase Autos Originales.
[6] Véase Autos Originales.

El 1 de agosto de 2024, el TPI celebró una vista de *Dictamen de Sentencia* en el que sentenció al apelante a una pena de cincuenta (50) años por el Art. 93 (a) del Código Penal, *supra* sec. 5142, cinco (5) años con respecto al anterior Art. 5.15 de la Ley Núm. 404-2000, *supra* sec. 458n, diez (10) años con relación al anterior Art. 5.04 de la Ley Núm. 404-2000, *supra* sec. 458c y veinte (20) años a tenor con el Art. 249 del Código Penal, *supra* sec. 5339.[7]

Inconforme, el 3 de septiembre de 2024, presentó ante nos una *Apelación* en la que formuló los siguientes errores:

> Primer error: Erró el Honorable Tribunal al declarar culpable y convicto al acusado por el Artículo 94 del Código penal (2022) a base de una prueba insuficiente el derecho y al no haberse probado la comisión del delito más allá de duda razonable que no derrotó la presunción de inocencia.

> Segundo error: Erró el Honorable Tribunal al declarar culpable y convicto al acusado por los Artículos 5.04 y 5.15 de la Ley de Armas y por el Artículo 249 del Código penal a base de una prueba insuficiente en derecho y al no haberse probado la comisión de delito más allá de duda razonable que no derrotó la presunción de inocencia.

> Tercer error: Erró el Honorable Tribunal al declarar culpable y convicto al acusado al no activar la presunción de testigos adversos, especialmente cuando esos testigos se relacionaban con alegada prueba científica de Ciencias Forenses.

El 17 de septiembre de 2024, emitimos una *Resolución* en la que le concedimos los términos correspondientes a las partes en aras de obtener la transcripción de la prueba oral.

Recibida la prueba oral, el 12 de agosto de 2025, el apelante radicó un escrito titulado *Informativa sobre objeciones a la prueba oral y sobre otro asunto* en el que alegó que, el testimonio del señor Manuel Mercado estaba incompleto en la transcripción de la prueba oral. Por ende, solicitó que esta Curia ordenara la regrabación de la totalidad de dicho testimonio.

Ante ello, el 18 de agosto de 2025, remitimos una *Resolución* en la que ordenamos que el señor Rodríguez Rivera indicara que

---

[7] Véase Autos Originales, *Dictamen de Sentencia.*

porción del testimonio fue eliminada o descartada dentro del término de diez (10) días.

El 10 de septiembre de 2025, enviamos una *Resolución* en la que le concedimos cinco (5) días al apelante para cumplir con lo ordenado en la *Resolución* del 18 de agosto de 2025. Asimismo, le indicamos que, de incumplir, se acogería la transcripción de la prueba oral como una estipulada entre las partes. Igualmente, le concedimos al apelante hasta el 9 de septiembre de 2025 para que presentara su alegato.

El 15 de septiembre de 2025, el señor Rodríguez Rivera instó un escrito titulado *Informativa con relación a orden* en la que reiteró que desde la página 22 a la página 24 se omite una orden de supresión de una declaración jurada. Por tanto, solicitó que constara en la transcripción de la prueba oral la totalidad del testimonio del señor Mercado.

El 18 de septiembre de 2025, remitimos una *Resolución* en la que referimos a la Secretaria del Tribunal de Apelaciones a transcribir la totalidad del testimonio del señor Mercado. Tal cual ordenada, el 11 de febrero de 2026 la Secretaria de este Tribunal nos envió copia de la totalidad de la transcripción de prueba oral del testimonio del señor Mercado.

En cumplimiento con nuestra *Resolución* emitida el 18 de septiembre de 2025, el 17 de febrero de 2026, emitimos una *Resolución* en la que le concedimos a las partes hasta el 23 de febrero de 2026 para que las partes presentaran su objeción a la transcripción de la prueba oral preparada por la Secretaria de este Tribunal. También, le concedimos hasta el 11 de marzo de 2026 al apelante para que presentara su alegato y al Ministerio Público hasta el 11 de abril de 2026 para que instara su oposición.

El 23 de febrero de 2026, el Ministerio Público presentó una *Moción estipulando la transcripción de la prueba oral* en la que informó que está en posición de estipular la transcripción.

El 24 de febrero de 2026, el señor Rodríguez Rivera instó una moción titulada *Objetamos nuevamente* en la que enfatizó su petitorio en cuanto a que la transcripción de la prueba oral no contenía la totalidad del testimonio del señor Mercado.

Evaluada la totalidad de la transcripción de la prueba oral, el 26 de febrero de 2026, emitimos una *Resolución* en la que resolvimos que la Secretaria de este Tribunal cumplió con la *Resolución* emitida el 18 de septiembre de 2025 y, por tanto, acogimos la transcripción como una estipulada entre las partes. Igualmente, ordenamos a las partes que cumplieran con los términos señalados en la *Resolución* remitida el 17 de febrero de 2026.

El 28 de abril de 2026, remitimos una *Resolución* en la que le impusimos una sanción de $25.00 a la representante legal del apelante tras incumplir con la presentación del alegato.[8] Además, le concedimos, como término final e improrrogable, hasta el 5 de mayo de 2026, para que presente su alegato, de lo contrario procederíamos a desestimar la *Apelación*. Asimismo, ordenamos que el apelante fuese notificado sobre la mencionada *Resolución*.

El 4 de mayo de 2026, la representante legal del apelante instó una *Moción de reconsideración; que c[o]nsigna y solicitud de paralización de término* en la que nuevamente reiteró que en la transcripción de la prueba oral no constaba la totalidad del testimonio del señor Mercado. Sin embargo, a pesar de que la representante legal cumplió con el pago de la sanción impuesta por esta Curia, no radicó su alegato.

---

[8] Véase Pueblo v. Toro Lugo, 173 DPR 137, 150 (2008).

El 14 de mayo de 2026, emitimos una Resolución en la que ordenamos a Secretaria a transcribir la totalidad del testimonio del señor Mercado.

En cumplimiento, Secretaria transcribió la totalidad del testimonio del señor Mercado. En aras de salvaguardar los intereses del apelante esta Curia nuevamente examinó las dos (2) transcripciones redactadas por la Secretaria de este Tribunal de Apelaciones y denotamos que, en ambas está la totalidad del testimonio del señor Mercado. Ciertamente, no proceden las objeciones de la representante legal de la apelante toda vez que, en la transcripción de la prueba consta de forma íntegra el testimonio del señor Mercado. A su vez, la representante legal del apelante incumplió en presentar el alegato dentro del término provisto, pese a que fue advertida de que su incumplimiento, podría acarrear, la desestimación del recurso de *Apelación*.

Así pues, transcurrido el término concedido al apelante para presentar su alegato, este no presentó el referido escrito. El Ministerio Público tampoco compareció ante nos.

**II.**

**A.**

La Regla 28 Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR __ (2025) estatuye lo que contendrá el alegato en un caso criminal. En esa línea, la Regla 28 de nuestro Reglamento, *supra,* establece que:

> (C) Cuerpo
>
> (1) Todo alegato contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:
>
> (a) El nombre de la parte apelante o apelantes y el número o números de los casos respecto a los cuales se apela.
>
> (b) Las citas de las disposiciones legales que establecen la jurisdicción y competencia del Tribunal de Apelaciones, la sentencia de la cual se apela, indicando el nombre del Juez

o de la Jueza, el número del caso, la sala del tribunal y la fecha en que se dictó la sentencia.

**(c) Una relación fiel y concisa de los hechos del caso.**

(d) Un señalamiento de los errores que a juicio de la parte apelante cometió el Tribunal de Primera Instancia.

**(e) Una discusión de los errores planteados, incluyendo las citas y el análisis de las autoridades legales pertinentes.**

(f) La súplica.

(g) Una certificación acreditativa del envío de copia del alegato al Fiscal de Distrito o a la Fiscal de Distrito y al Procurador General o a la Procuradora General.

(Énfasis suplido).

La Regla 83 del Reglamento de este Tribunal, *supra*, nos permite desestimar un recurso por no presentarse de forma diligente o de buena fe. En el comentario de la citada regla, aclara que fue eliminado el inciso que permitía a este Tribunal desestimar un recurso por defectos de forma y notificación. No obstante, el Reglamento nos confiere la autoridad para desestimar un recurso si la parte promovente no fue diligente con la presentación del recurso para lograr el perfeccionamiento de este. Ahora bien, previo a desestimar un recurso por incumplir con los requisitos para el perfeccionamiento de este, este Tribunal de Apelaciones debe imponer una sanción y advertirle a las partes sobre la posibilidad de ello. *Pueblo v. Rivera Toro*, 173 DPR 137, 150 (2008).

Con ello, la Regla 28 (A) de nuestro Reglamento, *supra*, estatuye que, la parte apelante deberá presentar su alegato dentro del término de treinta (30) días de haberse elevado el expediente de apelación. En esa línea, la Regla 28 (E) de nuestro Reglamento, *supra*, ordena que el Ministerio Público inste dentro de un plazo de treinta (30) días a partir de la fecha de la presentación del alegato de la otra parte.

**III.**

Harto es conocido que, en aras de poder intervenir en los méritos de la controversia, las partes deben cumplir con los requisitos reglamentarios para el perfeccionamiento de un recurso

de *Apelación*. Cónsono con lo anterior, procederemos a evaluar si el apelante cumplió con las disposiciones reglamentarias pertinentes para el perfeccionamiento del recurso.

En el caso de autos, el 3 de septiembre de 2024, el señor Rodríguez Pérez presentó una *Apelación* en la que se limitó a solicitar el dictamen que apela y formuló los errores. Empero, no radicó dentro de los diversos términos concedidos el alegato, al amparo de la Regla 28 (A) de nuestro Reglamento, *supra*, en el que debió discutir los señalamientos de error. Asimismo, le concedimos varias oportunidades para que presentara dicho alegato, no obstante, no lo radicó. Con ello, esta Curia no está en posición para atender en sus méritos la *Apelación* ante la ausencia de los argumentos del apelante en cuanto a la prueba oral que impugna y errores en derecho que apela. Destacamos que, se le impuso una sanción a la representante legal del apelante ante su incumplimiento en radicar un alegato. Asimismo, se le advirtió sobre la posibilidad de desestimar el recurso de *Apelación* de no presentar su alegato. Es decir, la representante legal del apelante tenía conocimiento sobre la posibilidad de que el presente recurso fuese desestimado de no ser diligente en cumplir con los requisitos reglamentarios de este Tribunal de Apelaciones.

En vista de lo anterior, ante el incumplimiento con nuestro Reglamento, *supra*, y la normativa aplicable, estamos imposibilitados de ejercer nuestra función revisora sobre dicho recurso. Consecuentemente, resulta forzoso desestimar el presente recurso por falta de diligencia en el perfeccionamiento del recurso al amparo de la Regla 83 (c) de nuestro Reglamento, *supra*.

**IV.**

Por los fundamentos que anteceden, desestimamos el recurso de *Apelación* ante la falta de diligenciamiento para el perfeccionamiento del mismo.

Notifíquese.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones